Filed 3/22/23  In re A.L. CA3

NOT <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re A.L., a Person Coming Under the Juvenile Court Law. | C097110 |
| SACRAMENTO COUNTY DEPARTMENT OF CHILD, FAMILY AND ADULT SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>Y.S.,<br><br>Defendant and Appellant. | (Super. Ct. No. JD239875) |

Appellant Y.S. (mother), mother of the minor, appeals from the juvenile court's order terminating parental rights and freeing the minor for adoption.  (Welf. & Inst. Code, §§ 366.26, 395.)[1]  Mother contends the juvenile court did not make a finding, as required by section 366.26 and the Indian Child Welfare Act of 1978 (25 U.S.C. § 1901 et seq.)

---

[1]  Further unspecified statutory references are to the Welfare and Institutions Code.

1

(ICWA), that continued custody of the minor would likely result in serious physical or emotional damage to the minor. The Sacramento Department of Child, Family and Adult Services (Department) concedes the error. We will accept the Department's concession and reverse and remand for limited proceedings in compliance with the ICWA.

BACKGROUND

A detailed recitation of the background of this case is unnecessary given the limited nature of mother's claim. The facts and procedures relevant to the sole issue on appeal are as follows:

The newborn minor was removed from mother's care and placed in protective custody due to mother's " 'active untreated mental health with violent tendencies.' " It was initially determined that the ICWA did not apply. In June 2019, pursuant to a dependency petition filed by the Department, the juvenile court took jurisdiction over the minor and ordered the minor removed from mother's care and custody. The court terminated mother's reunification services in December 2020 and set the matter for a section 366.26 hearing.

Over the course of the proceedings, it was determined that the minor was indeed an Indian child whose biological father was a member of the Standing Rock Sioux Tribe. The minor was eventually placed with her maternal aunt pursuant to the court's order to place the child according to the ICWA placement preference.

The contested section 366.26 hearing commenced on September 12, 2022. The parties stipulated to qualification of Spirit Grey Bull (Ms. Grey Bull), as an expert witness for the Standing Rock Sioux Tribe. Ms. Grey Bull testified she reviewed a number of the Department's reports, she was knowledgeable about the tribal customs of the Standing Rock Sioux Tribe, and she believed the Department made active efforts and provided appropriate services to mother in an attempt to alleviate the issues associated with removal of the minor. It was her opinion that the parents' conduct was unacceptable by the standards of culture within the Standing Rock Sioux Tribe. Ms. Grey Bull further

2

opined that return of the minor to mother's custody would likely result in serious physical and emotional damage to the minor due to mother's lack of consistent and substantial progress in reunification services, her inability to maintain a regular medication regimen, and her lack of participation in seeking an appropriate home environment for the minor.

Following testimony from mother and closing arguments from counsel, the court terminated parental rights and ordered adoption as the appropriate permanent plan after finding "[b]y a preponderance of the evidence return of the child to the physical custody of the parents would create a substantial risk of detriment" and "[t]termination of parental rights would not be detrimental as defined by [section] 366.26[, subdivision] (c)(1)." The court also found that the Department made active efforts to provide remedial services and rehabilitative programs designed to prevent the breakup of the Indian family, which efforts proved unsuccessful, and that the minor's placement was consistent with the ICWA placement preference as set forth in section 361.31.

## DISCUSSION

Mother contends the juvenile court erred in terminating her parental rights by failing to make a finding that custody of the minor was likely to result in serious physical or emotional damage to the minor, a finding commonly referred to as "the ICWA detriment finding." (*In re M.B.* (2010) 182 Cal.App.4th 1496, 1502.) Section 366.26, subdivision (c), provides that where, as here, an Indian child is involved, a court shall not terminate parental rights if "[t]he court does not make a determination at the hearing terminating parental rights, supported by evidence beyond a reasonable doubt, including testimony of one or more 'qualified expert witnesses' as defined in Section 224.6, that the continued custody of the child by the parent is likely to result in serious emotional or physical damage to the child." (§ 366.26, subd. (c)(2)(B)(ii); see also 25 U.S.C. § 1912(f); *In re Matthew Z.* (2000) 80 Cal.App.4th 545, 551-556 [finding that serious emotional or physical damage is likely need not be made at the § 366.26 hearing but must be made before parental rights are terminated].)

The Department concedes that, while the court heard and considered the testimony of the ICWA qualified expert, it did not expressly make the required ICWA detriment finding. We accept the Department's concession as proper. It is undisputed that the minor was an Indian child for purposes of the ICWA. The court considered the Department's reports and the testimony of Ms. Grey Bull and mother. Ms. Grey Bull, a qualified expert witness, provided testimony that continued custody of the minor by mother would likely result in serious emotional and physical damage to the minor. However, the court did not make a determination, supported by evidence beyond a reasonable doubt, that mother's custody of the minor was likely to do so, as required by section 366.26, subdivision (c)(2)(B)(ii). This was error. The Department agrees, as do we, that limited remand is appropriate for compliance with section 366.26 and 25 United States Code section 1912(f).

## DISPOSITION

The order terminating parental rights is reversed and the matter is remanded to the juvenile court for further proceedings in compliance with the ICWA as described in this opinion. If, on remand, the court determines, based on evidence beyond a reasonable doubt, that mother's custody of the minor is likely to result in serious emotional or physical damage to the minor, then the court shall make the appropriate finding and reinstate the order terminating parental rights. If, on the other hand, the court does not make such a finding, the court shall hold such further proceedings as are appropriate.

                                               /s/
                                             EARL, J.

We concur:

       /s/
ROBIE, Acting P. J.

       /s/
HULL, J.